IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES                                                              PLAINTIFF/RESPONDENT

V.                                            No. 10-20057

URIEL LIRA-PEREZ                                                           DEFENDANT/PETITIONER

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is the Petitioner's Motion to Dismiss (ECF No. 256) pursuant to Federal Rules of Criminal Procedure, Rule 7(c) filed August 6, 2012. The United States of America filed a Response (Doc. 258) on August 10, 2012. The Petitioner has not filed a Reply and the matter is ready for Report and Recommendation.

### I. Background

The Defendant was initially charged by complaint with conspiracy to distribute methamphetamine (ECF No. 1) on October 22, 2010. An indictment was returned on November 4, 2010 contending that the Defendant conspired with others named in the indictment to distribute more than 50 grams of a mixture or substance containing a detectable amount of methamphetamine. (ECF No. 42). A superceding indictment was returned on January 13, 2011 with added the charge of illegal re-entry. (ECF No. 108).

On June 11, 2011 the Defendant executed a plea agreement (ECF 176) agreeing to plea guilty to the conspiracy charge and the government agreed to dismiss the illegal re-entry charge. (Id., ¶ 1). On December 2, 2011 Judgment was entered sentencing the Defendant inter alia to 108 months in prison. (ECF No. 218). The Defendant appealed his sentence to the Eighth Circuit Court of Appeals on December 12, 2011 (ECF No. 221) which affirmed the sentence on July 19,

2012 (ECF No. 255).

## II.  Discussion

The Defendant filed the current Motion to Dismiss (ECF No. 256) on August 6, 2012 contending "there is not a Fair Notice in the indictment to the type and amount of drugs as to the penalties he faces". (Id., ¶1).

The Indictment (ECF No. 42) charged that the Defendant along with six other named co-conspirators, between September 2010 and October 21, 2010 did:

> "knowingly and intentionally combine, conspire, confederate and agree with each other, and with other known and unknown to the Grand Jury, to distribute a controlled substance, namely more than 50 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21 U.S.C. §§841(a)(1) and 841 (b)(1)(B)(viii), all in violation of Title 21 U.S.C. § 846.

"An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." *See U.S. v. Steffen*  687 F.3d 1104, 1109 (C.A.8 (Mo.),2012) citing *United States v. Fleming*, 8 F.3d 1264, 1265 (8th Cir.1993).  "An indictment is normally sufficient if its language tracks the statutory language." *United States v. Sewell*, 513 F.3d 820, 821 (8th Cir.2008).  An indictment provides sufficient "specific facts constituting the offense" if it apprises the defendant of the time frame of the alleged drug conspiracy and the type of drugs involved. *See U.S. v. Huggans*  650 F.3d 1210, 1218 (C.A.8 (Mo.),2011) *citing  United States v. Peterson*, 867 F.2d 1110, 1114 (8th Cir.1989), overruled on other grounds by *United States v. Richardson*, 439 F.3d 421 (8th Cir.2006); *see also United States v. Olderbak*, 961 F.2d 756, 760 (8th Cir.1992). The Indictment is clearly sets forth the time frame, and the type and quantity of

the drug the government alleges was being distributed.

The Defendant's main assertion seems to be that the Indictment is defective because it did not set forth any penalty range, however, it is not necessary in the indictment to set forth the penalty range. *See U.S. v. Carter*, 270 F. 3rd 731 (C.A. 8(Mo.), 2001).

The Defendant also seems to argue that somehow the case of Apprendi v. New Jersey shows that his Indictment was defective although the rational for this argument is difficult to follow. Apprendi held that a fact that increases the prescribed statutory maximum penalty to which a criminal defendant is exposed must be submitted to a jury and proven beyond a reasonable doubt. Id. at 2362–63. *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

The Eighth Circuit has clearly stated that "There is nothing on the face of the statute that violates Apprendi. As long as section 841(b) is implemented in a manner consistent with the requirements of Apprendi there is no constitutional defect." *U.S. v. Carter* 294 F.3d 978, 980 (C.A.8 (Mo.),2002).[1]

The Defendant entered a Plea Agreement (ECF No. 176) which stipulated to the fact that more than 50 grams of Methamphetamine was distributed in the conspiracy (Id., ¶2) and that he understood the Maximum Penalties (Id., 10). No additional finding was required by the district court to justify the sentence of imprisonment that was imposed pursuant to § 841(b)(1)(A). See *U.S. v. Lucca* 377 F.3d 927, 934 (C.A.8 (Minn.),2004)

---

[1] The Defendant cites two Ninth Circuit cases to support his contention that the Indictment is facially unconstitutional. United States v. Nordby, 225 F. 3d 1053 (9th Cir. 2000), United States v. Buckland, 259 F.3d 1157 (9th Cir. 2001). In an en banc rehearing, the Ninth Circuit Court of Appeals overturned the previous rulings by holding that § 841 is not facially unconstitutional. *United States v. Buckland*, 289 F.3d 558, 572 (9th Cir. 2002) (emphasis added).

### III.  Conclusion

Based upon the forgoing I recommend that the instant Motion to Dismiss (ECF No. 256) be DENIED.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this  August 31, 2012.

                                                    */s/ J. Marschewski*
                                                  HONORABLE JAMES R. MARSCHEWSKI
                                                  UNITED STATES MAGISTRATE JUDGE